IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-HC-2187-D

| | | |
|---|---|---|
| HENRY LEE JAMES, | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| RANDALL LEE, | ) | |
| Respondent. | ) | |

On August 19, 2013, Henry Lee James ("James"), a state inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with several exhibits. Pet. [D.E. 1], Atts. [D.E. 1-1]. James seeks leave to proceed in forma pauperis [D.E. 2]. On October 16, 2013, James filed a "motion for order for stay and abeyance" based on "unexhausted claims in the habeas petition" [D.E. 4]. The court now conducts its initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4, the court must dismiss any petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. The court may sua sponte dismiss a section 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in [section] 2244(d)(1)." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); see Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). As explained below, the court dismisses James's petition as untimely, and alternatively, as unexhausted.

I.

On March 7, 1996, in Pasquotank County Superior Court, a jury convicted James of three robberies. The trial court sentenced James to two terms of 101 to 131 months' imprisonment and a term of 20 to 24 months' imprisonment, each to run consecutively. See Pet. 1, Atts. 2 (pet'r statement), 51 (superior court order). James appealed, and on May 6, 1997, the North Carolina Court of Appeals affirmed his convictions. Pet. 2; Atts. 51. On December 31, 2001, James filed a motion for appropriate relief ("MAR") in Pasquotank County Superior Court, which denied the motion on November 12, 2002, after appointing counsel for James and conducting a hearing. Pet. 2; Atts. 51–53. James did not file a petition for writ of certiorari in the North Carolina Court of Appeals. Pet. 5–6. Instead, on June 2, 2008, and September 28, 2010, James filed successive MARs in Pasquotank County Superior Court, which denied the motions. James did not appeal. Pet. 4–5; Atts. 60 (2008 state court order).

On July 9, 2013, James signed a section 2254 petition, which he filed in the Middle District of North Carolina on July 15, 2013. See James v. Shanahan, No. 1:13-CV-00563-WO-LPA, [D.E. 1] (M.D.N.C. July 15, 2013). On October 15, 2013, the district court dismissed James's petition without prejudice as improperly filed in that district. Id., [D.E. 5]. James signed the instant section 2254 petition on August 9, 2013, and filed it in this court on August 19, 2013. Pet. 15. James asserts four claims: ineffective assistance of trial counsel, improper admission of evidence at trial, false or contradictory eyewitness identification and failure to prove an essential element of the crime, and ineffective assistance of appellate counsel. Pet. 5–10.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that any application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court be filed within one year of the latest of:

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005).

The limitation period under section 2244(d)(1) is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing in state court until final disposition in the highest state court. See Taylor, 186 F.3d at 560–61. The period between when a petitioner's conviction becomes final and when a petitioner files a state application for post-conviction relief counts against the one-year limitation period. See, e.g., Holland v. Florida, 560 U.S. 631, 634–39 (2010); Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). The statutory period then resumes after the state court of appeals denies post-conviction relief to a petitioner. See, e.g., Holland, 560 U.S. at 638; Hernandez, 225 F.3d at 438.

Subsection (A) of section 2244(d)(1) requires the court to determine when petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). Because James did not seek further review in the Supreme Court of North Carolina, his conviction became final no later than June 10, 1997, thirty-five days after May 6, 1997, when the North Carolina Court of Appeals affirmed his

3

conviction. See N.C. R. App. P. 14(a) (providing that a notice of appeal as of right must be filed within fifteen days after the issuance of a mandate by the Court of Appeals); N.C. R. App. P. 15(b) (providing that a petition for discretionary review must be filed within fifteen days after the issuance of a mandate by the Court of Appeals); N.C. R. App. P. 32(b) (providing that unless a court orders otherwise, a mandate issues twenty days after a written opinion is filed); Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 598, 601 (M.D.N.C. 2004) (holding that a conviction is final on direct review thirty-five days after the North Carolina Court of Appeals affirms petitioner's conviction when petitioner does not file a timely petition for discretionary review to the Supreme Court of North Carolina), appeal dismissed, 145 F. App'x 444 (4th Cir. 2005) (per curiam) (unpublished). The statutory period then began to run on June 10, 1997, and ran for 365 days until it expired. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). James's December 31, 2001 MAR and other post-conviction filings did not reopen his time for filing a habeas petition. See id. Accordingly, absent equitable tolling, James's August 2013 petition is untimely, and his July 2013 petition filed in the Middle District of North Carolina does not alter the court's analysis.

Under AEDPA, the one-year statute of limitations is subject to equitable tolling. See Holland, 560 U.S. at 645–49. Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (quotation omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted); see Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir. 2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations," however, "must be

guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

James has not explained the delay in filing his petition. See Pet. 14 (no response to question concerning timeliness of petition). The court has thoroughly reviewed the filings, and concludes that James has not demonstrated diligent pursuit of his rights or any extraordinary circumstance that prevented him from timely filing his petition. Unfamiliarity with the legal process, lack of representation, and even illiteracy do not constitute grounds for equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512–13 (4th Cir. 2004); Harris, 209 F.3d at 330–31 (collecting cases). Accordingly, James's August 2013 petition is dismissed as time-barred.

Alternatively, the court dismisses the petition for James's failure to exhaust his state-court remedies. Section 2254's exhaustion provision requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the state. See id. In North Carolina, a petitioner may satisfy the exhaustion requirement of section 2254 by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a motion for appropriate relief and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-31, 15A-1422. James did not file a petition for writ of certiorari in the North Carolina Court of Appeals following the denial of his first MAR, and acknowledges that several of his claims are unexhausted. Thus, James has procedurally defaulted these claims.

5

II.

In sum, the court DISMISSES petitioner's application for habeas corpus relief [D.E. 1] as time-barred, and alternatively, as unexhausted. The court DENIES petitioner's motions [D.E. 2, 4] and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This __25__ day of March 2014.

JAMES C. DEVER III
Chief United States District Judge